

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:24-cr-00074
    18 U.S.C. § 666(a)(1)(A)

**CHARLES HATFIELD**

# I N F O R M A T I O N

The United States Attorney charges:

At all relevant times:

1. Williamson Memorial Hospital was an organization that received Federal funds in excess of $10,000 during a one-year period, that is, in both 2018 and in 2019, Williamson Memorial Hospital received in excess of $10,000 under a Federal program involving contracts, insurance and other Federal assistance, namely the Medicare and Medicaid healthcare programs.

2. From in or about September 2018, to in or about September 2019, defendant CHARLES HATFIELD was the Chief Executive Officer for Williamson Memorial Hospital and was a person authorized to act on behalf of the organization, and as such, he was an agent, as defined in 18 U.S.C. 666(d)(1).

3. From on or about May 1, 2019, until on or about October 1, 2019, at or near Williamson, Mingo County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant

CHARLES HATFIELD, being an agent of an organization, that is Williamson Memorial Hospital, did knowingly embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner, and intentionally misapplied property valued at $5,000 or more that were owned by, and under the care, custody, and control of Williamson Memorial Hospital, that is, defendant CHARLES HATFIELD intentionally misapplied approximately $34,872.62 of funds in the care, custody, and control of Williamson Memorial Hospital and knowingly converted them without authority to his own use and the use of his company, Mid Mountain Properties.

In violation of Title 18, United States Code, Section 666(a)(1)(A).

## **NOTICE OF FORFEITURE**

The allegations contained in this Information are hereby re-alleged and incorporated by reference for the purpose of giving notice of forfeiture pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 982(a)(7), 28 U.S.C. § 2461(c) and Rule 32.2 of the Rules of Criminal Procedure and upon conviction of the offense in violation of 18 U.S.C. § 666(a)(1)(A), the defendant CHARLES HATFIELD, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including but not limited to a money judgment in the amount of $34,872.62, which constitutes or is derived from proceeds traceable to the violation.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of a defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred, sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

                                UNITED STATES OF AMERICA

                                WILLIAM S. THOMPSON
                                United States Attorney

By: _____
        ANDREW J. TESSMAN
        Assistant United States Attorney