IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:24-CR-00074-1 |
| | ) | |
| CHARLES HATFIELD | ) | |

**DEFENDANT CHARLES HATFIELD'S SENTENCING MEMORANDUM**

Mr. CHARLES HATFIELD, pursuant to Fed. R. Crim. P. 32, respectfully submits the following position regarding sentencing. Mr. Hatfield submits that the following factors are relevant in support of a non-custodial sentence, but none of them are considered when calculating the sentencing guidelines. Mr. Hatfield respectfully reserves the remainder of his argument for the forthcoming sentencing hearing.

**I.    Sentencing Guidelines**

This Court, pursuant to 18 U.S.C. § 3553(a)(4), must consider the "kinds of sentence and sentencing range established" by the sentencing guidelines. *Id.* Mr. Hatfield agrees that U.S. Probation correctly calculated the applicable sentencing guidelines range as follows:

```
Base Offense Level:                      6
Specific Offense Characteristics:       +4
    (Loss Amount)
Adjustment for Role in the Offense:     +2
    (Position of Trust)
Adjusted Offense Level:                 12
Acceptance of Responsibility:           -2
Zero-Point Offender:                    -2
Total Offense Level:                     8
Criminal History Category:              I (0)
Guideline Sentence:                     0 months to 6 months
Statutory Minimum:                      None
Statutory Maximum:                      10 years
```

1

PSR ¶¶25-34. Mr. Hatfield respectfully adds that, for zero-point offenders in Zone A of the sentencing table, the U.S. Sentencing Commission, in the relevant application notes, affirmatively says that a non-custodial sentence is "generally appropriate." U.S.S.G. § 5C1.1 n. 10(a).

II.     **Statutory Sentence**

This Court, pursuant to 18 U.S.C. § 3553(a)(3), shall consider the kinds of sentences available. Mr. Hatfield pleaded guilty to one count of theft or bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A) (Count One). PSR ¶¶ 3-7. The offense is a Class C felony and is punishable, *inter alia*, by a statutory maximum penalty of ten years of imprisonment and a $250,000 fine. PSR ¶¶ 96, 102. *There is no mandatory minimum for this offense.*

III.    **18 U.S.C. § 3553(a)**

   a.  **Nature and Circumstance of the Offense and History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))**

       1.  **Nature and Circumstance of the Offense**

Mr. Hatfield fully recognizes that his actions were wrong. However, there were extenuating circumstances beyond what Probation discussed in the PSR. Mr. Hatfield was reluctant to be the interim CEO for WMH because it was exceptionally financially unstable and transitioning from public to private ownership. In his attempt to turn the hospital into a functional business, Mr. Hatfield applied for a personal loan to aid the hospital. To do so, he needed to maintain sufficient personal credit. So, he used the hospital's funds to pay rent on his properties. Mr. Hatfield reiterates that there is no defense or excuse to misappropriating public funds, regardless of whether the end goal is beneficial. That said, he maintains that his goal was

to help the hospital, *not* to steal money. Mr. Hatfield respectfully submits that undersigned counsel will expand on these circumstances at the sentencing hearing.

### 2. History and Characteristics of Mr. Hatfield

In 2022, both of Mr. Hatfield's parents died—his father after a long battle with dementia and his mother from COVID-19. PSR ¶42. During their long battles with illness, Mr. Hatfield remained their primary caretaker. *Id.* Just one year prior, Mr. Hatfield lost his wife to a rare type of cancer. PSR ¶44. He maintains that she was the love of his life. *Id.* Losing the three most important people in his life within two years was devastating for Mr. Hatfield, and he still feels the loss acutely. These significant events have given Mr. Hatfield a new perspective on life, and he wants to strive to be the kind of hard-working person who would make his parents and wife proud.

### b. Need to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))

Sentencing Mr. Hatfield to serve any time in prison would not serve the purposes of general deterrence. Empirically, criminologists have shown that harsher sentences do not deter the public from committing crimes; instead, the certainty of getting caught has a more significant general deterrent effect. The fact that Mr. Hatfield was arrested and pleaded guilty will be the most deterrent factor of this case to prospective criminals—not the length or severity of his sentence. A sentence of supervised release will suffice for both specific and general deterrence. *See* Charles E. Loeffler & Daniel S. Nagin, *The Impact of Incarceration on Recidivism*, 5 Ann. Rev. of Crim 133-152 (2022).

### c. Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment (18 U.S.C. § 3553(a)(2))

Mr. Hatfield respectfully submits that a non-custodial sentence is appropriate to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Mr. Hatfield will be a convicted felon with all the lost rights that go with it; his employment opportunities will be limited, and he will be under constant supervision for some time. Mr. Hatfield has pleaded guilty to crimes that will damage his societal standing as a businessman and a prominent local politician. He will need to rebuild his professional life from the ground up. These consequences are sufficient to reflect the seriousness and provide just punishment for a non-violent offender in Zone A of the sentencing table. A custodial sentence is unnecessary.

 d. **Need to Protect the Public from the Mr. Hatfield's Future Criminal Conduct (18 U.S.C. § 3553(a)(2)(C))**

Mr. Hatfield is sixty-two years old and has a criminal history score of zero. PSR, ¶37. Age and criminal history, together, are strong predictors of recidivism. People who were sixty or older at the time of release with a criminal history category of one had recidivism rates of only 9.4% percent. *See* Ryan Cotter, et al. Recidivism of Federal Offenders Released in 2010. U.S. Sent'g Comm'n (2021) at 30. Mr. Hatfield is in a demographic with the lowest rates of recidivism. Also, of all federal offenders released in 2010, only 4% were re-arrested with fraud charges. *See Id* at 23. Statistically speaking, Mr. Hatfield is unlikely to commit another crime. A non-custodial sentence will suffice for specific deterrence.

 e. **Substance Abuse and Mental Health Treatment or Vocational Training (18 U.S.C. § 3553(a)(2)(D))**

Mr. Hatfield respectfully submits that he does not need substance abuse treatment or vocational training currently.

 f. **Need to Avoid Unwarranted Sentencing Disparities (18 U.S.C. § 3553(a)(6))**

During the last five fiscal years (FY2019-2023), there were 961 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 8 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. *85% of the defendants received probation or a fine.* Only 15% of these defendants received a custodial sentence; the average imprisonment period was four months, and the median imprisonment was three months. Sentencing Mr. Hatfield to serve a custodial sentence would cause sentencing disparities because an overwhelming majority of defendants with his guideline calculation received probation or a fine only.

    g.  **Need for Restitution and Victim Compensation (18 U.S.C. § 3553(a)(7))**

According to the plea agreement, Mr. Hatfield agrees to pay $34,872.62 in restitution. PSR ¶4. Mr. Hatfield respectfully submits that a non-custodial sentence would allow him to make payments toward restitution more quickly.

**IV.   Letters In Support**

Mr. Hatfield respectfully incorporates the attached eleven letters in support. In those letters, the Court will see that these behaviors are out of character for him.

**V.   Request for Location**

Should this Court issue a term of imprisonment, Mr. Hatfield respectfully requests to be placed as close to his current romantic partner as possible.

**VI.   Conclusion**

Mr. Hatfield, based on the foregoing assertions and argument, prays that the Court consider a non-custodial sentence.

Date:            August 29, 2024

           Respectfully submitted,

           ***s/ Serguel M. Akiti***
           Serguel M. Akiti, Esq.
           D.C. Bar # 1631134
           sakiti@lowtherwalker.com

           ***s/ Murdoch Walker, II.***
           Murdoch Walker, II., Esq.
           Ga. Bar # 163417
           mwalker@lowtherwalker.com

           Lowther | Walker LLC
           101 Marietta St., NW, Ste. 3650
           Atlanta, GA 30303
           404.496.4052
           www.lowtherwalker.com

           ***s/ Sean W. Cook***
           Sean W. Cook, Esq.
           W.V. Bar # 10432
           swcook1215@gmail.com

           309 Dolaron Lane
           South Charleston, WV 25309

           Attorneys for Defendant
           Charles Hatfield

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:24-CR-00074-1 |
| ) | |
| CHARLES HATFIELD ) | |

## CERTIFICATE OF SERVICE

I certify that on August 29, 2024, I served the foregoing DEFENDANT CHARLES HATFIELD'S SENTENCING MEMORANDUM to Chambers and all attorneys of record. I also certify that on August 30, 2024, I electronically filed the foregoing DEFENDANT CHARLES HATFIELD'S SENTENCING MEMORANDUM with the Clerk of the United States District Court for the Western District of Missouri by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in their case by electronic mail.

Date:　　August 29, 2024

Respectfully submitted,

**_s/ Sean W. Cook_**
Sean W. Cook, Esq.
W.V. Bar # 10432
swcook1215@gmail.com

309 Dolaron Lane
South Charleston, WV 25309